Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 104
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com

Brandon A. Rotbart, Esq., Of Counsel,
*pro hac vice pending*
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Boulevard, Suite 401-18
Miami, Florida 33161
Telephone (305) 350-7400
rotbart@rotbartlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| HELEN SWARTZ, Individually, | : |
| Plaintiff, | : |
| vs. | : |
| | : Case No. 24-cv- |
| STATEWIDE REALTY COMPANY, | : |
| a New Jersey Partnership, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, STATEWIDE REALTY COMPANY, a New Jersey Partnership (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

1

## COUNT I

### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

1. Plaintiff, Helen Swartz, is an individual residing in Miami Beach, Florida, in the County of Miami-Dade.

2. Defendant's property, the Hilton Newark Airport Hotel, is located at 1170 Spring Street, Elizabeth, NJ 07201 (though sometimes also referred to as 1156-1184 Spring Street, Elizabeth, NJ 07201), in Union County.

3. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate. She has had relationships with people in New Jersey spanning five decades. She owned a second home in Longwood, NJ, and still has many friends there. The accountant for the business she owned in Philadelphia resides in the Vineland area. Some of her best friends from college still reside in Northern New Jersey and her acting coach and mentor is located in the Hoboken Area.

6. Helen Swartz stayed at the subject hotel on November 24, 2023, and has confirmed reservations to return to the property with her husband as hotel guests on May 2, 2024, to celebrate an early Mother's day her daughter and to see her friend who lives in west New York, provided that the property is compliant by then. The may also see the Plaintiff's acting coach and his wife, who live in Hoboken, as well as to avail themselves of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety.

7. Helen Swartz has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Hilton Newark Airport Hotel, 1170 Spring Street, Elizabeth, NJ 07201 (though sometimes also referred to as 1156-1184 Spring Street, Elizabeth, NJ 07201).

9. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations as set forth in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit the Defendant's property not only to avail herself of the goods and services available at the property but to assure herself

that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject property has shown that violations exist. These violations that Helen Swartz personally encountered or observed, which were verified by an ADA expert, include, but are not limited to:

**Main Entrance**

12. There is no signage with the international symbol of accessibility that indicates accessibility posted at the main entrance making it difficult for the plaintiff to identify the facility as accessible and locate an accessible entrance.

13. Same is in violation of 216.3 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

14. There is no marked passenger loading zone access aisle in the hotel's driveway.

15. Same is in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

16. The curb cuts in the hotel driveway's island contain unbeveled changes of level in excess of ¼ inch.

17. Same is in violation of section 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

18. There is no marked access aisle for the handicapped accessible parking spaces near the hotel entrance.

19. Same is a violation of section 502 of the 2010 ADA Standards, whose resolution is readily achievable.

20. The driveway and parking area is not maintained, and contains numerous unbeveled changes of level in excess of ¼ inch.

21. Same is in violation of section 303.2 the ADA Standards, whose resolution is readily achievable.

22. The path of travel between the hotel and parking garage contains numerous unbeveled changes in level in excess of ¼ inch.

23. Same is in violation of section 303.2 the ADA Standards, whose resolution is readily achievable.

**Lobby Area**

24. The hotel elevators had buttons and key card readers that were in excess of 48 inches high.

25. This made it difficult for the Plaintiff to reach in violation of section 308 of the ADA Standards, whose resolution is readily achievable.

26. Various items in the hotel's store are mounted in excess of 48 inches high.

27. Same makes it difficult for Plaintiff to reach, in violation of section 308 of the ADA Standards, whose resolution is readily achievable.

28. The hotel's inaccessible public restroom did not contain any type of signage or directional information directing a disabled individual from the hotel's inaccessible restroom to the hotel's accessible restroom.

29. This prevented the Plaintiff from knowing the location of or even the existence of a public accessible restroom in the hotel in violation of section 216.8 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Guest Room 1021**

30. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations.

31. Same is in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

32. The entry door to the hotel's accessible guest room 1021 does not provide 18 inches of latch side clearance on the pull side to exit the room.

33. Same makes it extremely difficult for the Plaintiff to exit the guest room, in violation of sections 404.2 of the 2010 ADA Standards, whose resolution is readily achievable.

34. In the hotel's accessible guest room 1021, the roll-in shower controls are mounted in excess of 27 inches from the side wall containing the seat.

35. Same makes it impossible for the Plaintiff to reach the controls when seated, in violation of section 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

36. In the hotel's accessible guest room 1021, the toilet's side wall grab bar is less than 42 inches long.

37. Same makes it difficult for the Plaintiff to transfer onto and off of the toilet in violation of section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

38. In the hotel's accessible guest room 1021, there is not 56 x 60 inches of clear floor space surrounding the toilet.

39. Same makes it difficult and unsafe for Plaintiff to transfer onto and off of the toilet.

40. Same is in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

41. In the hotel's accessible guest room 1021, the toilet's flush controls are not mounted on the open side of the toilet.

42. Same makes it difficult for Plaintiff to reach, in violation of section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

43. In the hotel's accessible guest room 1021, the bathroom sink contains a drain pipe and water supply lines that are not insulated or otherwise configured to prevent against contact.

44. Same causes a potential cutting and/or burning hazard in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

45. In the hotel's accessible guest room 1021, the operable mechanism of the wall mounted lotion dispenser is mounted in excess of 48 inches high.

46. Same makes it impossible for Plaintiff to access, in violation of sections 308 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

47. In the hotel's accessible guest room 1021, upon the Plaintiff's arrival to her room, the handheld shower spray unit was adjusted to more than 48 inches high.

48. Same makes it difficult for the Plaintiff to reach in violation of sections 608.6 and 308 of the 2010 ADA Standards, whose resolution is readily achievable.

49. In the hotel's accessible guest room 1021, the bottom edge of the reflecting surface of the bathroom mirror above the sink is more than 40 inches above the floor.

50. Same makes it impossible for Plaintiff to use in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

51. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

52. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation (and in particular the other accessible guest rooms) in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

53. Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility

in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

54. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

55. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

56. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,

1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

57.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

58.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its hotel to make its facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

  59. Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

  60. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

  61. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.  (See, N.J.S.A. 10:5-4.)

  62. As a result of the aforementioned discrimination, Plaintiff Helen Swartz has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

  **WHEREFORE**, Helen Swartz demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Dated:  February  28, 2024

Respectfully submitted,

Alan R. Ackerman, Esquire
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East
Parsippany, NJ 07054
(973) 898-1177
(973) 898-1230 - Facsimile
araesq@alanackermanlaw.com
and
Brandon A. Rotbart, Esq., Of Counsel,
*pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505
rotbart@rotbartlaw.com

By: _____
      Alan R. Ackerman, Esquire

Counsel for Plaintiff Helen Swartz